FRED KRAUT, APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Argued November 3, 1909—Decided January 13, 1910.

Plaintiff left the sidewalk to cross a public street. When between the sidewalk and a street car track he looked and saw a car about fifty feet away approaching rapidly the point at which he intended to cross the tracks. Without paying any further attention to the car he walked in front of it and was struck by it. *Held*, that he was guilty of contributory negligence.

On appeal from the Second District Court of Newark.

Before Justices REED, BERGEN and MINTURN.

For the appellee, *Ralph E. Lum*.

For the appellant, *Leonard J. Tynan* and *Duane E. Minard*.

The opinion of the court was delivered by

BERGEN, J. This suit was brought to recover damages for injuries received by the plaintiff as a result of a collision with defendant's trolley car on Broad street, Newark. The only witness testifying to the accident was the plaintiff, and at the close of his case motions for nonsuit, and for a direction were made by defendant. Both were overruled, and the plaintiff had judgment, from which this appeal was taken. It appears from plaintiff's testimony that he left one of defendant's cars on Market street; that he walked along Broad street about forty or fifty feet, and then attempted to cross that street in front of a moving car, which struck him just as he was leaving the track, causing the injuries complained of. The position of the defendant is that plaintiff contributed to the injury, because, seeing the car approaching about fifty feet away, he paid no further attention to it, but walked deliberately into a place of danger. The plaintiff's testimony re-

garding his position when he saw the car is not entirely clear, for in his examination in chief he said that when he was crossing Broad street on a crosswalk and within five or six feet of the track he saw the car coming pretty fast about forty-five or fifty feet away; that he crossed the track and just as he was leaving it his left foot was struck by the fender of the car. On cross-examination he said that he was "just starting from the sidewalk" to cross Broad street; that he had left the sidewalk not over eleven feet when he saw the car coming from Market street into Broad towards the point at which he intended to cross; that the car was then about forty-five or fifty feet away, and that when he again looked for the car he was "right in the track here, and I seen him and when I go over the car strike me."

We think that the only inference that can be drawn from plaintiff's testimony is that after leaving the sidewalk to cross Broad street, and when between the curb and the car track, he saw the car coming about fifty feet away running "pretty fast;" that he assumed that he could safely pass in front of the car, and without paying any further attention to it attempted to cross the track. The single question therefore is whether one who sees a trolley car only fifty feet away rapidly approaching the point at which he intends to cross, he being but a short distance from the track, is guilty of contributory negligence if he proceeds to cross the street and pass in front of such approaching car without further observation of its movements or considering the prudence of his action.

Under the facts shown in this case the plaintiff was clearly guilty of contributory negligence, and the defendant was entitled to a direction. If we accept the first statement of the plaintiff that he was within five or six feet of the rail when he saw the car approaching, so near as to strike him before he could cross the track, it is quite clear that he did not "use such precaution and care for his safety as a reasonably prudent man would use under the circumstances." If, on the other hand, he was near the sidewalk and saw this car coming forty or fifty feet away, approaching rapidly, and he then walked

from the sidewalk to the centre of Broad street without again looking or making any observation as to the locality of the car, when he stepped upon the track, it is quite manifest that he did not "use his powers of observation to discover approaching vehicles, and a like judgment when and how to cross without collision." *McGrath* v. *North Jersey Street Railway Co.,* 37 *Vroom* 312.

The judgment below should be reversed.